IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEMARIO JACKSON,

                              Plaintiff,

OPINION AND ORDER

19-cv-674-bbc

    v.

SANDY MCARDLE, JUSTIN RIBAULT,
GINA BUONO, RYAN HOLZMACHER,
SCOTT HOFTIEZER AND KELLY O'BRIEN,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Demario Jackson is proceeding in this case on claims that prison medical staff at the Wisconsin Secure Program Facility failed to provide him adequate pain medication for his gynecomastia, in violation of the Eighth Amendment and state law. Before the court are defendants' motions for summary judgment. Dkt. ##54, 61. For the reasons set out below, the motions will be granted.

BACKGROUND

     Plaintiff Demario Jackson is an inmate in the custody of the Wisconsin Department of Corrections, currently housed at the Racine Correctional Institution. Plaintiff suffers from a condition called gynecomastia, which is an increased amount of breast gland tissue in men caused by a hormone imbalance. Mayo Clinic "Gynecomastia" https://www.mayoclinic.org/diseases-conditions/gynecomastia/symptoms-causes/syc-20351793 (visited on Sept. 13, 2021). For at least the last five years, the condition has caused

plaintiff severe pain that interferes with his ability to sleep, exercise and develop muscular strength.  As a result of his gynecomastia, he also suffers from fear, anxiety, and significant psychological distress.

In 2016, plaintiff filed a complaint alleging that various health care providers had acted with deliberate indifference in denying his request for breast reduction surgery. Jackson v. Holzmacher, case no. 16-cv-828-bbc (W.D. Wis.).  On April 18, 2018, I granted defendants' motion for summary judgment and entered judgment in their favor.  Id. (dkt. ## 77, 78).

Proceeding without a lawyer, plaintiff filed the instant case on August 15, 2019, alleging that defendant Sandra McArdle, a nurse practitioner, and other health services staff whom he named as "John Doe" defendants had repeatedly denied his requests for pain medication for his gynecomastia while he was housed at the Wisconsin Secure Program Facility (WSPF).  Dkt. #1.  After reviewing the complaint, I granted plaintiff leave to proceed on Eighth Amendment and state law negligence claims with respect to his allegation that defendants had failed to provide him adequate pain medication for his condition. 10/11/19 Op. and Ord., dkt. #7, at 5.  However, plaintiff was denied leave to proceed on: (1) any claim concerning events that occurred before December 8, 2016 (the date on which he had filed his complaint in case 16-cv-828-bbc); or (2) a claim that defendant McArdle or any other defendant denied him surgery after 2016.  Id. at 4 ("Plaintiff's allegations also are not sufficient to state a claim that McCardle [sic] or any other defendant denied him surgery after 2016.").  Plaintiff did not seek reconsideration of that screening order, nor did he seek to amend his complaint except to provide the names of the John Doe defendants.  Plaintiff

2

named the Does as Justin Ribault, Gina Buono, Ryan Holzmacher, Scott Hoftiezer and Kelly O'Brien, all of whom were physicians employed by the Department of Corrections Bureau of Health Services during the relevant time period.

Defendants moved for summary judgment in two separate motions. Dkt. ## 54, 61. Plaintiff then retained counsel and filed materials in opposition to defendants' motions. I discuss the parties arguments' below.

## OPINION

### A. Defendants Holzmacher, Hoftiezer, O'Brien and Ribault

Defendants Holzmacher, Hoftiezer, O'Brien and Ribault contend that the claims against them must be dismissed because none of them was personally involved in any decision concerning plaintiff's medication for his gynecomastia pain during the relevant time period. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009) (Section 1983 limits liability to public employees who are personally responsible for a constitutional violation). In his response, plaintiff concedes that these defendants were not personally involved in the events at issue in this suit. Accordingly, these defendants will be dismissed.[1]

---

[1] Although conceding that Dr. O'Brien did not attend the January 23, 2018 Class III Committee meeting or otherwise participate in plaintiff's care, see dkt. #74, admitting State Defs.' PPFOF No. 32, plaintiff argues in his brief that the evidence "suggests" that Dr. O'Brien did attend the Class III meeting. Plt.'s Br. in Opp., dkt. # 73, at 12. Although the evidence does not support a finding that Dr. O'Brien attended the meeting, plaintiff's claims against her would fail in any event for the same reasons they fail against Dr. Buono, as explained below.

B.  Defendant Buono

Defendant Buono asserts that her only involvement in plaintiff's pain treatment was chairing a meeting of the Bureau's Class III Committee on January 23, 2018, which considered a request from McArdle that she be allowed to prescribe Tramadol, a narcotic, for long-term use to treat plaintiff's pain.  While conceding that plaintiff's gynecomastia and related pain is a serious medical condition, Buono maintains that the committee reasonably denied plaintiff's request for long-term narcotic treatment because:  (1) prescribing chronic narcotics is generally viewed by the medical community as a last resort, given the potential for addiction and their questionable efficacy in reducing pain; (2) plaintiff still had pain even on Tramadol; and (3) plaintiff had not tried many other non-addictive medications for his pain, such as amitriptyline, duloxetine, gabapentin, pregabalin or certain anti-convulsants. Accordingly, rather than approve long-term opioids, the committee recommended that: (1) plaintiff's provider should determine his level of functionality and evaluate him for another pathology that might be aggravating or accelerating his pain; (2) plaintiff should be weaned from narcotics and narcotic-type pain medications like Tramadol and try other, non-narcotic pain medications.

In light of this evidence, Buono maintains that plaintiff cannot meet his heavy burden of showing that she failed to exercise reasonable professional judgment with respect to plaintiff's pain medication, and thus cannot establish that she was deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 103–04 (1976) (Eighth Amendment's prohibition on cruel and unusual punishment prohibits prison officials from

acting with "deliberate indifference" to prisoners' serious medical needs); Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014) ("The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment."). She further argues that plaintiff's state law medical malpractice claim must be dismissed because he failed to support his claim with expert testimony, and in any case her actions did not fall below the applicable standard of care. Wilson v. Adams, 901 F.3d 816, 823 (7th Cir. 2018) (in Wisconsin, expert witness must establish standard of care in a medical malpractice case).

In response, plaintiff does not present any evidence from which a jury could find that Buono was deliberately indifferent to his request or that she was negligent in refusing to approve his request for long-term opioid use. Instead, plaintiff argues that Buono acted with deliberate indifference by denying plaintiff narcotics without simultaneously approving him for breast-reduction surgery. See id. at 13 ("Buono's denial of narcotic pain medication *and surgery* amounts to complete disregard of Jackson's condition . . . [t]he risk . . . of refusing Jackson *both surgery* and narcotic pain medication was obvious . . .") (emphasis added); id. at 12 (arguing that Buono did not address "why McArdle's request Mr. Jackson be weaned off opioids *and approved for breast reduction surgery* was denied.") (emphasis in original). In support, he offers the declaration of Dr. Michael Gross, a doctor who treated plaintiff from April 2020 to February 2021, that plaintiff needs breast reduction surgery to adequately treat his gynecomastia. Dkt. #79.

5

Not surprisingly, Buono objects to this new claim on the ground that it is outside the scope of plaintiff's complaint and the court's screening order. She has good reason to do so. As noted previously, plaintiff was specifically *denied* leave to proceed on a claim "that defendant McArdle or any other defendant denied him surgery after 2016." Although plaintiff argues that this reading of the complaint is far too narrow, it is too late in this proceeding to raise that challenge or to amend his complaint. See Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); Glover v. Haferman, 252 F. App'x 757, 761 (7th Cir. 2007) (court did not err in refraining from addressing claim raised for first time at summary judgment where plaintiff did not seek leave to amend his complaint and defendant did not consent to expand suit to include it); Stechauner v. Murphy, No. 17-CV-221-JDP, 2019 WL 1332877, at *1 (W.D. Wis. Mar. 25, 2019) (refusing to consider claims outside scope of amended complaint and screening order); Burnett v. Wall, No. 15-CV-488-BBC, 2016 WL 6956664, at *1 (W.D. Wis. Nov. 28, 2016) ("[P]laintiff may not change the factual basis for his claim without amending his complaint."). If plaintiff thinks that the Department of Corrections' continued denials of his requests for breast-reduction surgery have violated his constitutional rights, he may file a new lawsuit, provided those denials were not the subject of a previous lawsuit. He cannot, however, attempt to shoehorn that claim into this case, which is limited to his claim that defendants failed to provide him adequate pain medication for his gynecomastia from December 8, 2016, to August 15, 2019. Because neither Dr. Gross's declaration nor any

6

other evidence adduced by plaintiff suggests that Buono was negligent, much less that she acted with deliberate indifference to his gynecomastia-related pain, defendant Buono is entitled to summary judgment on plaintiff's Eighth Amendment and state law claims.

### C. Defendant McArdle

In support of her motion for summary judgment, defendant McArdle has adduced evidence showing that, during the relevant time period, she provided the following treatment to plaintiff for his gynecomastia: (1) wrote orders for medical compression shirts; (2) recommended and educated plaintiff on the benefits of weight loss and yoga; (3) ensured he had access to ice, Tylenol and ibuprofen; (4) prescribed a muscle rub; (5) referred him for a PT evaluation; (6) ordered ultrasound and x-rays to check for malignancy; and (7) submitted plaintiff's requests for breast reduction surgery to the Class III committee (which denied the requests). In addition, she adjusted plaintiff's pain medication many times in the hopes of finding a medication regimen that would alleviate his pain. In October 2017, she prescribed Tramadol, a narcotic. However, to continue its use, McArdle had to receive authorization from the Class III committee. Accordingly, on January 22, 2018, she submitted an Authorization For Chronic Opioid Use form to the committee, but the committee denied the request. The committee recommended that McArdle wean plaintiff from narcotics and try other non-narcotic pain medications instead, as well as take a number of other steps to address his pain. McArdle followed through with these recommendations

and continued to try other pharmaceutical and non-pharmaceutical measures to address plaintiff's pain.

In the face of this undisputed evidence, plaintiff cannot prevail on either his Eighth Amendment or state law negligence claims against McArdle. In fact, plaintiff concedes as much, acknowledging that McArdle's medication decisions were limited by the Class III committee and offering no evidence to suggest that any of the other treatment she offered was blatantly inappropriate or not based on medical judgment. Instead, as he does with Buono, he asserts an entirely new claim against McArdle. Specifically, plaintiff asserts that McArdle "negligently presented false information" when she checked a box on the opioid authorization form indicating that plaintiff enjoyed "good function without significant limitations."

As with his new claim against Buono, I will not consider this one. In the screening order, I did not identify any claim that McArdle committed ordinary negligence in completing medical paperwork in connection with a request for long-term opioid treatment.[2] Rather, plaintiff was allowed to proceed against McArdle on Eighth Amendment and state law medical negligence claims only with respect to her alleged failure to provide plaintiff adequate pain medication, claims that plaintiff now concedes he cannot prove. Accordingly, McArdle is entitled to summary judgment on both of these claims.

---

[2]In fact, even as late as April 23, 2021, *plaintiff* stated that he had sued McArdle only in connection with her medication decisions. See Jackson Dep., dkt. #66, at 47:6-8 ("I didn't understand why she was giving me psych meds. That's the only reason why she's in the lawsuit.").

8

ORDER

IT IS ORDERED that:

1. The motions of defendants Sandy McArdle, Justin Ribault, Gina Buono, Ryan Holzmacher, Scott Hofteizer and Kelly O'Brien to strike the declaration of Michael Gross, dkt. ## 84, 94, and to file a reply brief in support of that motion, dkt. # 92, are DENIED as unnecessary.

2. Defendants' motions for summary judgment, dkt. ## 54, 61, are GRANTED. The clerk is ordered to enter judgment for all defendants and close this case.

Entered this 14th day of September, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge